mitting that the receipt did not operate as an extinction of the claim, yet it operated so far as to prevent an execution from issuing. The appellant did not issue the execution upon the ground of a small balance being due, but he issued it for the whole. He should have given notice to the appellee of the mistake, and that a balance was due. His proceeding was as much an abuse of the process of the court, in demanding a large sum of money, when little was due, as it would be to demand a larger sum when there was nothing due.

*Harper*, in reply. During the pendency of a suit the attorney's acts will bind his client. He is then pursuing his authority. But his authority ceases when judgment is obtained, and he has no right to enter it satisfied when it is not so. If he acts within his instructions, it will bind his client.

THE COURT dissented from the opinions expressed by the court below, in both of the bills of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

## RATRIE vs. SANDERS.

1808.

Ratrie
vs
Sanders

JUNE

Where the defendant was in possession of, and holding a slave, for the space of those years antecedent to the institution of an action of replevin against him for the slave—*Held,* that the statute of limitations was no bar to the plaintiff's recovery, notwithstanding the property in the slave had been in the plaintiff, and the slave was by him loaned for an indefinite time to J. S. who during that loan sold the slave to the defendant; and although the suit was brought within three years from the time the plaintiff knew of such sale.

APPEAL from *Montgomery* county court. The appellant brought an action of *replevin* against the appellee, for a negro slave called *Jane*, to which *non cepit infra tres annos,* and *actio non accrevit infra tres annos,* and property in the defendant, were pleaded. The defendant, at the trial, prayed the court to direct the jury, that if they were of opinion from the evidence, that the defendant had been in the possession of *Jane* for the space of three years prior to the institution of this suit, holding her as his own property, that then the act of limitations was a bar to the plaintiff's action. But the court, *(Clagett,* Ch. J.) refused to give the direction; but did direct the jury, that if they were satisfied that the property in said slave was in the plaintiff, and that he lent her for an indefinite time to *Joseph Sanders,* and during that loan *Joseph Sanders* sold her to the defendant, that by the sale the defendant stood in the same situation that *Joseph Sanders* had stood in, and that the act of limitations did not begin to run against the plaintiff un-

1808

~~~
Gray
vs.
Wood
~~~

til he knew of the sale by *Joseph Sanders* to the defendant. The defendant excepted; and the verdict and judgment being against him; he brought the present appeal.

The case was argued before TILGHMAN, POLK; and BUCHANAN, J.

*Key*, for the Appellant; referred to the act of 1715; *ch.* 23, *s.* 2.

*Mason*, for the Appellee:

JUDGMENT REVERSED, AND PROCEDENDO AWARDED;

—————

DEC. (E. S.)

GRAY and BIDDLE vs. WOOD; *et ux.*

An action on a promissory note, endorsed in blank, by the payee, may be maintained in his name for the use of the holder, although the holder paid a valuable consideration to the payee at the time of the endorsement.

A promissory note is not invalidated by being antedated.

APPEAL from *Cecil* county court. An action of *assumpsit* was brought in the names of the appellees, for the use of *Benjamin Sluyter*, upon a promissory note dated the 1st of January 1801, executed by the appellants, and payable on demand to *Elizabeth*; (the female appellee,) whilst she was sole, by the name of *Elizabeth Hugg*, or order. The general issue was pleaded.

1. At the trial, the original note was produced by the plaintiffs in support of their action, and there appearing a blank endorsement in the name of the payee, *Elizabeth Hugg*, which the defendants proved to be her hand-writing, the defendants insisted that the note was transferred by the endorsement to *Benjamin Sluyter*, of which the institution of the suit for his use was an evidence. The defendants also offered testimony to show, that at the time this endorsement was made, *Sluyter* paid a valuable consideration for the note to *Elizabeth Hugg*, with a view to contend that the whole interest of the payee, in the note passed to *Sluyter*, and that the action ought to have been in his name as endorsee. But the court, [*Tilghman*, Ch. J. and *Purnell*, A. J.) refused to let the testimony go to the jury, and were of opinion that the same was inadmissible. The defendant excepted.

2. The plaintiffs then called the subscribing witness to the note, to prove the execution of it, who proved that the note was executed by the defendants, and attested by him the witness, but not on the 1st of January 1801; that the note was antedated, and he did not know, on what day it was executed. The defendants then prayed the court to